DODDRIDGE ET AL., APPELLANTS, *v.* FITZPATRICK, APPELLEE.

[Cite as Doddridge v. Fitzpatrick (1978),
53 Ohio St. 2d 9.]

(No. 77-124—Decided January 4, 1978.)

*Mr. Willis E. Wolfe, Jr.,* for appellants.
*Mr. Ted L. Earl,* for appellee.

WILLIAM B. BROWN, J. The central issue raised by the instant cause is whether the Court of Common Pleas of Franklin County abused its discretion when it granted appellee's motion to vacate the default judgment.[2]

[2] In their brief before this court appellants also contend that the proper section of Rule 60(B) to be applied to the instant cause is (B)(1) and not the catch-all provision of (B)(5); and that constructive service, *per se,* does not constitute reason for relief pursuant either to Rule 60 (B)(5) or 60(B)(1).

We agree that the excusable neglect standard of Rule 60(B)(1) rather than the catch-all provision of 60(B)(5) is applicable to the facts of the instant cause (see staff note to Rule 60[B]), and note that 60(B)(1) was applied by the Court of Appeals on this appeal.

Appellants argue, in effect, that the trial court abused its discretion (1) because, on a prior appeal, the Court of Appeals reversed and remanded for a hearing which the trial court never held and (2) because movant did not demonstrate to the trial court that his failure to answer was the result of excusable neglect, pursuant to Civ. R. 60 (B)(1).

Civ. R. 60 provides, in pertinent part:

"(B) On motion and upon such terms as are just, the court may relieve a party or his legal represenative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

It is generally accepted that Rule 60(B)(1), which allows a party to obtain relief from a judgment or order, "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." 11 Wright & Miller, Federal Practice & Procedure 140, Section 2851. Therefore, a motion to vacate a judgment pursuant to Rule 60(B) is addressed to the sound discretion of the trial court. See *Terwoord* v. *Harrison* (1967), 10 Ohio St. 2d 170; *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146; *Wright, supra*, at page 157, Section 2857; 7 Moore's Federal Practice 227, Paragraph 60.19.

However, that discretion is not unbridled. A court considering a motion to vacate a judgment pursuant to Rule 60(B)(1) must determine that the motion was made

(See the January 1977 decision in the Court of Appeals for Franklin County on appellants' motion for reconsideration.)

Since the record in the instant cause indicates that there was evidence that appellee had no actual *knowledge*, as well as no actual *notice*, of the suit pending against him, it is not necessary for this court to determine whether constructive service, *per se*, would constitute grounds for granting a Rule 60(B)(1) "excusable neglect" motion to vacate.

within a reasonable time not exceeding one year after the judgment was entered and that the movant has demonstrated (1) that he has a meritorious claim or defense to present if relief is granted and (2) that he is entitled to relief under one of the grounds stated in Civ. R. 60 (B)(1). See *GTE Automatic Electric, supra,* paragraph two of the syllabus.

Under the facts of the instant cause, we find that the trial court had sufficient evidence of grounds for Civ. R. 60(B)(1) relief to grant appellee's motion to vacate the default judgment without abusing its discretion. In paragraph three of the syllabus in *GTE Automatic Electric,* this court stated:

"Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be in favor of the motion to set aside the judgment so that cases may be decided on their merits."

Appellee made his motion to vacate well within a year of the default judgment. Moreover, the record reveals that Mrs. Doddridge may have been required to yield the right of way to cars entering the intersection from appellee's direction. Therefore, appellee has a "meritorious defense" within the meaning of Civ. R. 60(B). Finally, there was evidence before the trial court that appellee was due relief under Rule 60(B)(1) because his default was the result of "excusable neglect." The record reveals that appellee had no actual *notice* of the lawsuit pending against him. In addition, appellee submitted an affidavit that he also had no actual *knowledge* of the pending legal action.[3] In view of the fact that appellee had neither knowledge nor actual notice of the suit against him and of the fact that it is court policy, when deciding Civ. R. 60(B) motions, to encourage the resolution of

---

[3]See *Stradler* v. *Hall* (1975), 20 Fed. R. Serv. 2d 531; *Schwab* v. *Bullock's Inc.* (C. A. 9, 1974), 508 F. 2d 353; *Horn* v. *Intelectron Corp.* (S. D. N. Y. 1968), 294 F. Supp. 1153; and *Ameday* v. *United States Trucking Co.* (E. D. Pa. 1974), 62 Fed. R. Dec. 72; for cases supporting the proposition that lack of knowledge of a pending suit constitutes excusable neglect.

cases on their merits, we find that appellants' second contention is not well taken.

Appellants also argue that the trial court abused its discretion because it granted appellee's motion to vacate without first holding the hearing which the Court of Appeals had ordered when it remanded the cause from a prior appeal.

We disagree. Failure to hold such a hearing before granting a Rule 60(B) motion does not automatically constitute an abuse of discretion. To require a hearing even though there is sufficient evidence of a valid Rule 60(B)(1) claim on the record would not further the interests of justice, implement speedy litigation or encourage the decision of cases on the merits.

Finally, the court's failure to hold a hearing did not constitute reversible error. We have already determined that the trial court had sufficient evidence of excusable neglect on the record to grant appellee's Rule 60(B) motion. Therefore, even if the Court of Appeals' judgment entry ordered a hearing, the trial court's failure to hold one did not, under the facts of the instant cause, affect a substantial right.

For the foregoing reasons we find that the trial court did not abuse its discretion when it granted appellee's Civ. R. 60(B) motion to vacate the default judgment, and we affirm the Court of Appeals.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, P. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, J., concurs in the judgment.