Appellant, John Swain, appeals from the judgment of the Dayton Municipal Court denying his motion to vacate a previous judgment entered against him.
On January 12, 1996, the appellee, Security Pacific Financial Services, Inc. (hereinafter "Security") filed a complaint against Jessie Hamilton and Swain contending they owed Security $5614.22 upon a certain promissory note.
On January 19, 1996, Swain filed a handwritten response in which he stated he didn't sign the promissory note attached to Security's complaint. On February 14, the co-defendant, Jessie Hamilton filed a handwritten response in which she stated she signed John Swain's name on the note with his knowledge.
On March 25, 1996, the trial court granted a default judgment against Jessie Hamilton in the amount requested in the complaint. On July 1, 1996 the trial court conducted a telephone pre-trial with Swain and set the trial for August 8, 1996 at 10:00 a.m.
On August 8, 1996, the trial was conducted. Swain failed to appear and the court found, based on the evidence presented, that the plaintiff should recover the amount sought in the complaint. Later that day Swain filed a handwritten pleading which read as follows:
 "Judge Bill C. Littlejohn please excuse my absence I went to work today 8-8-96 thinking Friday was the 8, Please give me another hearing because this is clearly a forgery, I did not do this act please give me another chance to prove myself — I did not do this!"
On August 14, the trial court journalized its decision to grant judgment to the plaintiff. The entry was prepared by the plaintiff's attorney and it ordered the clerk to serve a copy of this judgment entry upon "the defendants at their last known address."
On February 3, 1997, Swain filed his motion for relief from the August 14, 1996 judgment pursuant to Civ.R. 60(B)(1)(3)(4)(5) and for a stay of execution of the judgment. The trial court granted the motion for a stay of execution and set the matter for an evidentiary hearing.
At the hearing, the co-defendant Jessie Hamilton testified she ended her relationship with the defendant in August 1991. She acknowledged that she signed the defendant's name to the "Security" promissory note on January 21, 1992 when she was no longer living with the defendant. (Tr. 10). She testified, however, the defendant knew his name was being signed to the note by her. (Tr. 11). She acknowledged she had the defendant removed from her residence in August 1991 because of domestic violence (Tr. 14).
The defendant testified he did not sign the promissory note nor did he authorize Jessie Hamilton to sign his name on the note on his behalf. (Tr. 19). Swain testified he was ordered out of Jessie Hamilton's house in August 1991 because she lodged a domestic violence complaint against him. (Tr. 21). He said he then began living with another woman, Betty Burns, in late August 1991.
The defendant testified he received notice of the trial date but went to work thinking that August 8, 1996 was a Friday when it was a Thursday. He said Ms. Burns contacted him at work on August 8, 1996 and they both went down to the court to explain why he had missed the scheduled time for trial.
At the conclusion of the hearing, the trial court found that the defendant's motion was not filed within a reasonable period of time. The court also noted that the defendant was informed of the trial date. The trial court then denied the motion for relief from the judgment.
Civ.R. 60(B) provides in pertinent part:
 On motion and upon such terms as are just, the court relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . The motion shall be made within a reasonable time, and for reasons (1)(2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
To prevail on a motion brought under Civil Rule 60(B), "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time." GTE Automatic Electric, Inc. v. Arc Industries,Inc., 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).
In his brief, the defendant states he assumed he would receive some response to his August 8, 1996 pleading, and it wasn't until "Security" attempted to execute upon the judgment that he realized the court wasn't going to respond to his pleading.
An examination of the trial court's appearance docket demonstrates that the judgment entry of August 14, 1996 was not served by the Clerk upon the defendant. Accordingly, the trial court's finding that the defendant's motion was untimely is erroneous.
Initially, we note that a motion for relief from judgment is directed to the sound discretion of the trial court and that court's ruling cannot be disturbed absent a showing of an abuse of that discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122, 1124. An abuse of discretion connotes more than an error of law or judgment, it implies an attitude which is unreasonable, arbitrary or unconscionable. Wilmington Steel Prod.,Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120, 122,573 N.E.2d 622, 624; Cedar Bay Constru., Inc. v. Fremont (1990),50 Ohio St.3d 19, 22, 552 N.E.2d 202, 205; Steiner v. Custer
(1940), 137 Ohio St. 448, 19 O.O. 148, 31 N.E.2d 855, paragraph two of the syllabus.
The concept of "excusable neglect" must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed. See Colley v. Bazell (1980),64 Ohio St.2d 243, 248, 18 O.O.3d 442, 445, 416 N.E.2d 605, 609;Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 12, 7 O.O.3d 5, 7, 371 N.E.2d 214, 217. There is no bright-line test to determine whether a party's neglect was excusable or inexcusable. Rather a determination of excusable neglect will turn on the facts and circumstances presented in each case. Colley, supra, at 249, 18 O.O.3d at 446, 416 N.E.2d at 609.
Inexcusable neglect does not necessarily mean that the party's disregard is intentional. However, the greater the degree of wilfulness of the movant, the less likely his conduct will be characterized as "excusable neglect." Mid-America Acceptance Co.V. Lightle (1989), 63 Ohio App.3d 590.
In Mid-America Acceptance Co. v. Lightle, supra, the Franklin County Court of Appeals held the trial court abused its discretion in not finding "excusable neglect" when the plaintiff missed a trial date because of a clerical error when the trial date had been continued on five previous occasions.
The court in that case noted that the plaintiff had appeared on the prior trial dates and that plaintiff's conduct could not be characterized as exhibiting a disregard for the judicial system and the rights of the other party as in Griffey, supra.
In this case the defendant immediately responded to the complaint and categorically denied he signed the promissory note in question. He participated in a phone call pre-trial, and although he missed the scheduled trial time of 10:00 A.M., he immediately apologized to the court on the same day for his mistake in not appearing at the scheduled time. The defendant's conduct in this case cannot be characterized as exhibiting a disregard for the judicial system and the rights of the other party.
The defendant has clearly demonstrated that he has a meritorious defense to present if relief is granted by the trial court. If the trial court had realized the judgment had not been served on the defendant and that the motion was thus timely made, the court may have exercised its discretion to grant the motion. Accordingly, we sustain the assignment of error in part and we will remand this matter to the trial court to further consider the motion in light of this opinion.
The judgment of the trial court is Reversed and Remanded for further proceedings.
FAIN, J., concurs.
WOLFF, J., dissents with opinion.