OPINION
Rick Longshore, dba AL Plumbing appeals from the judgment of the Clark County Municipal Court wherein the court denied Longshore's motion to vacate a money judgment in the amount of $3,622.57 in favor of Grange Mutual Casualty Company (hereinafter "Grange") and Jeanne Swords.
On February 10, 2000, Grange filed a complaint in the municipal court wherein it asserted that Longshore had negligently caused damage to the residence of its insured, Jeanne Swords, in the amount of $3,622.57. Grange claimed it had paid Swords $3,122.57 for the damages and was thus subrogated to the rights of Swords in that amount. Swords sought to collect the amount of the deductible in the amount of $500.
A copy of the complaint and summons was issued by the trial court to Longshore, dba AL Plumbing at P.O. Box 204, New Carlisle, Ohio on February 16, 23 and 26, 2000. On each occasion the certified mail was unclaimed. Thereafter, on March 30, 2000 the complaint and summons were sent to the same post office box via ordinary mail service. The complaint and summons were never returned to the trial court, and appellees moved for a default judgment on June 9, 2000 and the motion was granted on June 12, 2000 in the sum of $3,622.57.
Thereafter, appellees commenced activity attempting to collect the judgment. A bank attachment was filed as against an active account for appellant and the entire sum owed was removed from the account. Upon learning of this action, appellant filed a Motion for Relief from Judgment pursuant to Civ. R. 60(B) and requested a hearing.
In his motion to vacate, Longshore asserted that he did not receive actual notice of the lawsuit and he had a meritorious defense to the suit. He sought a stay of the garnishment proceeding and of the release of any funds on deposit with the court.
At the hearing, Longshore testified he is the owner of AL Plumbing located at 7245 Studebaker Road in Tipp City, Ohio. Longshore testified he had been in business for twenty years. Longshore testified he received a letter from Grange on September 23, 1999 addressed to his company at P.O. Box 204, New Carlisle, Ohio. In the letter Grange claimed that Longshore had damaged Ms. Swords' property by losing a "test plug" on August 7, 1999, and Grange requested payment for monies provided its insured. (Def. Ex. A). Longshore said he also got a letter from Grange's counsel on December 10, 1999 requesting payment of the claim or suit would be filed. The letter was also addressed to the New Carlisle post office box address. (Def. Ex. B).
Longshore testified he wrote Grange's counsel on December 22, 1999 denying responsibility for Grange's claim. Longshore listed the phone number where he could be reached if counsel had any questions of him. (Def. Ex. C). The business stationery used listed Longshore's business address as the New Carlisle post office box. Longshore testified he received similar letters from two other insurance carriers for two other homeowners and he responded to their inquiries denying liability. He testified he never heard from them thereafter.
Longshore testified he never heard anything again about this matter until he received notice from his bank that his funds had been garnished by Grange. Longshore stated that notice came to him at his home address in Tipp City.
Longshore testified that in January 2000 he discontinued using the New Carlisle post office box for his business and replaced it with the long standing post office box the company had been using in Huber Heights. (Tr. 10). Longshore testified he never closed the New Carlisle post office box and he and other employees periodically checked the box for "collection" of outstanding invoices. Longshore testified that although the New Carlisle post office box was an in service box he never received any communication at that box notifying him that Grange had sued him or was seeking a default judgment on that suit. (Tr. 24).
Longshore testified he could not be liable for the damages caused by water backing up into Ms. Swords' home because the three inch test balloon he used to perform testing would not block a four inch pipe nor clog a twelve inch water main. (Tr. 14).
In overruling the motion the trial court stated the following:
 The file reveals a request for certified mail service of the complaint and notices to Post Office Box 204 on February 16, 23, and 26, 2000. Longshore did not indicate whether he received these notices. The letter remained unclaimed, and ordinary mail issued to the post office box on March 30. On June 9, Grange filed a motion for default judgment which the arraigning and duty judge granted on June 12. Grange filed a garnishment on August 12, and Longshore initially requested a hearing on the garnishment, then through counsel, sought to overturn the judgment based upon lack of actual notice of this suit under Civil Rule 60. Longshore concedes the validity of service under Civil Rule 4 and 4.1.
 Longshore asks the court to vacate the judgment under Civil Rule 60(B)(5)'s catchall provision, "any other reason justifying relief." The staff notes to the rule indicate that courts sparingly apply this provision, and when courts do utilize this provision, the grounds are substantial, grounds such as a fraud upon the court in bribing a juror.
 One court has granted relief from judgment where service was perfected pursuant to Civil Rule 4 but the defendant had not lived at the service address used. See, Rafalski v. Oates (1984), 17 Ohio App.3d 65. Here, however, Longshore received two letters regarding this claim, responded to one without making any change in address, and continues to receive business mail, including payments on accounts, at the post office box to which the complaint and the motion for default were sent. He did not claim any difficulties in receiving other business mail. Under these facts, the court does not find the grounds for the requested relief substantial. Accordingly, The court denies the motion for relief from judgment.
(Emphasis ours).
In a single assignment of error, Longshore contends the trial court abused its discretion in denying his motion because he established excusable neglect pursuant to Civ.R. 60(B)(1) and grounds for relief pursuant to Civ.R. 60(B)(5) because it would be incongruous to grant a default judgment as to this claim and permit trial on two related claims involving homeowners in the same area who have yet to file suits concerning water damage.
Appellees argue that the trial court did not abuse its discretion because the evidence demonstrates that appellant did receive notice of the lawsuit but simply chose to ignore it until his bank account was the subject of an attachment. Appellees also argue that appellant's blatant disregard for the legal process does not constitute a substantial ground for relief pursuant to Civ.R. 60(B)(5).
"A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, citing Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 66; Colley v. Bazell (1980),64 Ohio St.2d 243, 18 O.O. 3d 442, 416 N.E.2d 605; Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 11; GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146.
In Colley v. Bazell, supra, the Supreme Court stated at page 248 of the Court's opinion:
 In our view, the concept of "excusable neglect" must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." 11 Wright Miller, Federal Practice Procedure 140, Section 2851, quoted in Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 12. We note that the default judgment was granted within a week of the defendant's failure to file a timely answer or a responsive pleading. Under these circumstances, the inaction of the defendant had not ripened to the point where it could be labeled as a "complete disregard for the judicial system" as condemned in GTE Automatic Electric, supra, at page 153.
Upon review of the trial court's decision, it appears the trial court simply did not believe Longshore's testimony that he did not receive the three notifications from the post office that he had certified mail waiting or that he did not receive the ordinary mail service of the complaint and summons as well as the default motion.
Clearly if Longshore ignored the complaint and summons as well as the default judgment, his conduct amounted to a "disregard of the judicial process" and it would amount to inexcusable neglect.
Accordingly, the trial court did not abuse its discretion in overruling the vacation motion based on Civ.R. 60(B)(1). Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B).
The grounds for invoking Civ. R. 60(B)(5) should be substantial.
A trial court abuses its discretion where it properly overrules a motion for relief from judgment based on Civ. R. 60(B)(1) and then, upon reconsideration of its ruling and without additional operative facts before it, vacates its earlier ruling and grants the motion based on Civ.R. 60(B)(5) because the movant had a meritorious defense.
Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64. The trial court quite properly overruled Longshore's motion filed pursuant to Civ.R. 60(B)(5). The assignment of error is overruled.
The judgment of the trial court is Affirmed.
 ____________________ BROGAN, J.
WOLFF, P.J., and YOUNG, J., concur.