OPINION
On January 11, 2001, the Franklin County Court of Common Pleas, Division of Domestic Relations, denied defendant Charles Bedford's motion for relief from judgment. Defendant now appeals raising the following two assignments of error:
 I. The trial court committed an abuse of its discretion when it failed to vacate the trial court's judgment under 60(B)(5) after appellant presented sufficient evidence justifying relief.
 II. The trial court abused its discretion when it did not grant appellant an evidentiary hearing before it denied appellant relief of judgment under 60(B)(5).
Charles and Deborah Bedford were divorced on March 5, 1993. At that time, Deborah ("plaintiff") was designated the legal custodian and residential parent of the parties' three minor children, and Charles ("defendant") was ordered to pay child support in the amount of $1,610.13 per month.
In October 1997, defendant filed a motion asking the trial court to reduce the amount of his monthly child support payment. That request was referred to a magistrate, who ultimately found no basis for a reduction. Defendant's ensuing objections to the magistrate's decision were overruled by the trial court on October 7, 1998. Thereafter, defendant filed his first appeal with this court, arguing the trial court had incorrectly attributed day care expenses to the plaintiff, which the plaintiff had not incurred. Specifically, defendant argued that the plaintiff did not take a federal income tax credit which corresponded to the disputed work-related child care expenses, and that this was compelling evidence that plaintiff had fabricated these expenses. Defendant also argued that the child care provider receiving the payments, plaintiff's aunt, did not report such payments on her federal income taxes, and that this was further compelling evidence of fraud. Having carefully considered each of the defendant's arguments, we found no compelling or conclusive evidence of fraud. Accordingly, we overruled defendant's first appeal on its merits.
Seven months later, defendant filed the Civ.R. 60(B) motion for relief from judgment, which is the subject of this appeal. In that motion, defendant again argued that the plaintiff had fraudulently claimed she incurred child care expenses when, in fact, she had not. The trial court denied defendant's Civ.R. 60(B) motion on January 11, 2001. Defendant now appeals, raising the aforementioned assignments of error.
According to the Ohio Supreme Court, Civ.R. 60(B) relief is available when a party is able to demonstrate three conditions. First, the moving party must demonstrate that he or she is entitled to relief under at least one of the grounds set forth in Civ.R. 60(B)(1) through (5). Second, that party must prove that he or she has a meritorious defense or claim to present if relief is granted. And third, the party must prove that the request for relief has been made within a reasonable amount of time; which, for those grounds set forth in Civ.R. 60(B)(1) through (3), cannot be more than one year after the judgment was entered. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146; Argo Plastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389; and Svoboda v. Brunswick (1983), 6 Ohio St.3d 348. Specifically, Civ.R. 60(B) provides that:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. ***
As noted by the Ohio Supreme Court in GTE, the three requirements set forth above are independent and in the conjunctive. Thus, a party is not entitled to relief if any one of the requirements is not met. Id. at 151. See, also, Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17. Finally, on appeal, a reviewing court must determine whether the trial court abused its discretion. Doddridge v. Fitzpatrick (1978),53 Ohio St.2d 9, citing Terwoord v. Harrison (1967), 10 Ohio St.2d 170. A court abuses its discretion when it acts unreasonably, arbitrarily, or unconscionably. State ex rel. Edwards v. Toledo City School Dist. Bd. Of Edn. (1995), 72 Ohio St.3d 106.
Turning to the present case, in his first assignment of error, defendant asserts his entitlement to relief from judgment pursuant to Civ.R. 60(B)(5). Specifically, defendant argues that he is entitled to relief under Civ.R. 60(B)(5) because the plaintiff, her aunt, and her attorney committed fraud. However, Civ.R. 60(B)(5) "applies only when a more specific provision does not apply," Strack v. Pelton (1994),70 Ohio St.3d 172, 174, and here, Civ.R. 60(B)(3) specifically provides relief in the event that fraud has been committed. Accordingly, there is no reason to invoke the less specific catchall provision of Civ.R. 60(B)(5). Strack at 174.
As set forth above, a request for relief pursuant to Civ.R. 60(B)(3) must be made within one year of the applicable judgment. GTE, supra. In this case, the trial court denied defendant's motion for modification of child support on October 7, 1998. However, defendant's motion for relief from that judgment was filed with the trial court on May 5, 2000, well over one year later. As such, it was untimely. Defendant's first assignment of error is, therefore, not well-taken.
In response to his second assignment of error, an evidentiary hearing on a Civ.R. 60(B) motion is not required where the motion and attached evidentiary material, if any, do not contain allegations of operative facts which would warrant relief. State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151. Because defendant's motion was facially inadequate, the trial court was not required to grant the defendant a hearing prior to ruling. Therefore, defendant's second assignment of error is also not well-taken.
For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
BRYANT, P.J., and TYACK, J., concur.