OPINION
{¶ 1} On February 25, 1991, Patrick Fitz was fatally injured in amotor vehicle accident. At the time of the accident, Mr. Fitz and hiswife, appellee, Nancy Fitz, were covered under several insurance policiesincluding a general liability policy issued to their former employer byappellant, National Union Fire Insurance Company of Pittsburgh, PA.
 {¶ 2} On January 30, 2002, appellee, individually and asadministrator of her husband's estate, filed a declaratory judgmentaction seeking underinsured motorist coverage under appellant's policy.Appellant received the complaint on February 5, 2002. The complaint wasforwarded to the wrong claims office and as a result, the complaint wentunanswered.
 {¶ 3} On March 21, 2002, appellee filed for default judgment. Byjudgment entry filed March 26, 2002, the trial court granted saidmotion.
 {¶ 4} On April 12, 2002, appellant filed a motion to vacate thedefault judgment pursuant to Civ.R. 60(B). A hearing was held on June24, 2002. By judgment entry filed July 17, 2002, the trial court deniedsaid motion.
 {¶ 5} Appellant filed an appeal and this matter is now before thiscourt for consideration. Assignments of error are as follows:
 I {¶ 6} "The trial court abused its discretion by holding nationalunion to a higher standard for establishing `excusable neglect' thanmandated by the Supreme Court of Ohio."
 II {¶ 7} "A default judgment is not appropriate in a declaratoryjudgment."
 III {¶ 8} "The trial court abused its discretion when it consideredunrelated and defective default judgments in upholding this defaultjudgment."
 I, III {¶ 9} Appellant claims the trial court erred in denying its motionto vacate default judgment pursuant to Civ.R. 60(B) as a valid defense tothe default judgment and excusable neglect were established. We agree.
 {¶ 10} A motion for relief from judgment under Civ.R. 60(B) liesin the trial court's sound discretion. _Griffey v. Rajan(1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we mustdetermine the trial court's decision was unreasonable, arbitrary orunconscionable and not merely an error of law or judgment.Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. Appellant based its Civ.R. 60(B)motion on "mistake, inadvertence, surprise or excusable neglect." Civ.R.60(B)(1). In GTE Automatic Electric Inc. v. ARC Industries, Inc.(1976),47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court ofOhio held the following:
 {¶ 11} "To prevail on a motion brought under Civ.R. 60(B), themovant must demonstrate that: (1) the party has a meritorious defense orclaim to present if relief is granted; (2) the party is entitled torelief under one of the grounds stated in Civ.R. 60(B)(1) through (5);and (3) the motion is made within a reasonable time, and, where thegrounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one yearafter the judgment, order or proceeding was entered or taken."
 {¶ 12} Appellee claims she is entitled to underinsured motoristcoverage under appellant's general liability policy pursuant toScott-Pontzer v. Liberty Mutual Fire Insurance Co., 85 Ohio St.3d 660,1999-Ohio-292, and its progeny. Incorporated in the declaratory judgmentcomplaint is an allegation that appellant has denied coverage. Withinappellant's Civ.R. 60(B) motion is the claim that because the subjectpolicy is not a motor vehicle policy, it does not fall within therequirements of R.C. 3937.18. Also, said policy is a self-insured policyand therefore excused from said statute.
 {¶ 13} On its face, this court, having experienced the varioustwists and turns to Scott Pontzercases, finds appellant may have "ameritorious defense or claim to present if relief is granted." See, Coxv. State Farm Fire and Casualty Co.,Licking App. No. 2001CA00117,2002-Ohio-3076, Dalton, et al. v. The Travelers Insurance Company,StarkApp. Nos. 2001CA00380, 2001CA00393, 2001CA00407 and 2001CA00409,2002-Ohio-7369. We find the first prong of GTE Automaticto be satisfied.
 {¶ 14} Appellant freely admits it made a mistake and directed thesummons and complaint to the Blue Bell, Pennsylvania office as opposed tothe Chicago, Illinois office within three days of receipt. The mailreturn shows the complaint was received on February 5, 2002. The noticeto the wrong office was sent on February 8, 2002 and received on February11, 2002. See, Exhibit A. By the time the error was found, thetwenty-eight day time period to answer had lapsed. T. at 7.
 In Colley v. Bazell (1980), 64 Ohio St.2d 243, we are cautioned by theSupreme Court of Ohio that excusable neglect depends on the facts andcircumstances of each case. In this regard, the trial court's reliance onother defaults against appellant is misplaced. The record does notsubstantiate that the same error occurred in the other cases. In fact, atoral argument, it was not disputed that the other cases were based uponattorney error and not client error.
 {¶ 15} In Colleyat 248, the Supreme Court of Ohio set the tonefor trial courts in dealing with Civ.R. 60(B) motions as follows:
 {¶ 16} "In our view, the concept of `excusable neglect' must beconstrued in keeping with the proposition that Civ.R. 60(B)(1) is aremedial rule to be liberally construed, while bearing in mind thatCiv.R. 60(B) constitutes an attempt to `strike a proper balance betweenthe conflicting principles that litigation must be brought to an end andjustice should be done.' 11 Wright Miller, Federal Practice Procedure 140, Section 2851, quoted in Doddridge v. Fitzpatrick(1978),53 Ohio St.2d 9, 12."
 {¶ 17} A denial of a Civ.R. 60(B) motion serves justice when therehas been an intentional disregard for the legal process and a lack ofgood faith by the neglectful party. Neither has occurred in this case.Appellant acted in a timely fashion to address the complaint, but thenotice was misdirected and a timely filing was forestalled.
 {¶ 18} Under the facts of this case, we fail to find anintentional act or a showing of bad faith. Further, although we need notget into the particulars of the declaratory judgment action, there canhardly be any showing of prejudice to appellee because she acknowledgedthe disputed coverage in the complaint. There is also no showing ofprejudice to the trial court. This case involves multiple parties withnumerous policies all in dispute under the theory of Scott-Pontzer. Thetrial court will have to review the coverages and the implicationsthereto. None of the other litigants are prejudiced because the defaultwas filed two months after the initiation of the action.
 {¶ 19} Upon review, we find the trial court erred in denyingappellant's motion to vacate default judgment pursuant to Civ.R. 60(B).
 {¶ 20} Assignment of Error I is granted.
 II {¶ 21} Assignment of Error II is moot given our ruling supra,however, it does pose an interesting question.
 {¶ 22} Declaratory relief is statutory and requests the trialcourt to make a determination on the law and coverage. We note the motionfor default and the default judgment do not make any specific allegationson the law and policies but aver a bare request for judgment and thegranting of default. We are unable to find any Ohio case on point, butnote the default judgment granted really did not resolve the issuespresented in the case.
The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby reversed and remanded.
By Farmer, J. and Boggins, J. concur.
Hoffman, P.J. dissents.