JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant J.B. Hunt Transport, Inc. ("J.B. Hunt") appeals from a decision of the Cuyahoga County Court of Common Pleas that granted plaintiff-appellee Douglas Roberson's ("Roberson") motion for relief from judgment. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 3} A review of the record reveals the following facts: On January 10, 2000, Roberson filed an administrative appeal from the Industrial Commission of Ohio for the denial of his claim for workers compensation. On September 29, 2000, Roberson voluntarily dismissed his complaint pursuant to Civ.R. 41(A).
 {¶ 4} On April 5, 2001, Roberson re-filed his administrative appeal. The case was re-assigned to the judge on whose docket it originally had been placed. After a failed mediation attempt, a trial date of February 11, 2002 was set.
 {¶ 5} On January 31, 2002 and February 6, 2002, Roberson, through counsel, requested a continuance of trial because his father, a Florida resident, had terminal cancer and needed his presence. On February 8, 2002, these motions were granted by the trial court and the trial was re-set for April 16, 2002.
 {¶ 6} On March 21, 2002, Roberson's attorney filed another motion for continuance of trial, stating that Roberson was still in Florida with his father. Roberson's attorney also requested that the trial court place the case in its "inactive docket" until there was definitive news on the health of Roberson's father. One week later, on March 28, 2002, Roberson's attorney filed a motion to withdraw from the case stating that Roberson no longer wanted his services. On April 5, 2002, the trial court denied both of these motions.
 {¶ 7} On April 11, 2002, the trial court journalized an entry allowing Roberson's attorney to withdraw as counsel.[1] However, the trial date of April 16, 2002 remained.
 {¶ 8} On April 15, 2002, the day before the scheduled trial, Roberson, pro se, voluntarily dismissed his complaint pursuant to Civ.R. 41(A).
 {¶ 9} On April 16, 2002, the trial court dismissed Roberson's case with prejudice and journalized an entry stating that Roberson's second dismissal operated as an "adjudication on the merits" pursuant to Civ.R. 41(A)(1).
 {¶ 10} On May 13, 2002, Roberson, represented by new counsel, filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1). In support of his motion for relief, Roberson maintained that "it was a mistake to voluntarily dismiss" his claim and that he "was not aware nor was he instructed by his previous attorney of record that he could not file a voluntary dismissal for any reason whatsoever." Roberson's attorney also requested a hearing on the matter.
 {¶ 11} On August 23, 2002, the trial court, without hearing, issued a journal entry granting Roberson's motion for relief from judgment. It is from this decision that J.B. Hunt now appeals and raises two assignments of error.
 {¶ 12} Assignment of Error I states:
 {¶ 13} "I. The Trial Court Abused Its Discretion When It Granted Plaintiff's Motion For Relief Of Judgment Because Plaintiff Failed To Satisfy The Requirements Of Civil Rule 60(B)."
 {¶ 14} In his first assignment of error, J.B. Hunt argues that the trial court abused its discretion in granting Roberson's motion for relief from judgment since Roberson failed to produced any evidence that showed excusable neglect or mistake. We disagree.
 {¶ 15} Pursuant to Civ.R. 60(B), a court may relieve a party from final judgment for five reasons, the first of which is mistake, inadvertence, surprise, or excusable neglect. To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, at paragraph two of the syllabus.
 {¶ 16} The decision whether to grant a Civ.R. 60(B) motion rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. In general, courts prefer suits to be concluded on their merits and thus characterize Civ.R. 60(B) as a remedial rule. Griffey, supra at 79.
 {¶ 17} With these principles in mind, we proceed to consider whether the trial court's grant of relief in Roberson's favor was appropriate.
 Timeliness {¶ 18} A motion under Civ.R. 60(B)(1) on grounds of excusable neglect must be filed within a reasonable time. This reasonable time cannot exceed one year. Here, Roberson filed his 60(B) motion twenty-seven days after the trial court entered its final judgment. Accordingly, the motion was timely filed.
 Meritorious Defense {¶ 19} A motion under Civ.R. 60(B) must also allege that a meritorious defense can be presented if relief is granted. GTE, supra at 150. Here, Roberson avers that he suffered an injury in the course and scope of his employment. This claim is supported by the record which contains his expert's reports. Accordingly, Roberson has sufficiently alleged operative facts to demonstrate a meritorious defense.
Excusable Neglect/Mistake
 {¶ 20} Finally, a motion under Civ.R. 60(B)(1) must allege operative facts to show excusable neglect. Kay v. Marc Glassman,Inc. (1996), 76 Ohio St.3d 18, 19, citing Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20. The reviewing court must take into consideration all surrounding facts and circumstances. Davisv. Immediate Medical Services, Inc. (1997), 80 Ohio St.3d 10, 14. Any doubt on the categorization of neglect should be resolved in favor of the motion to set aside the judgment so that cases can be decided on their merits. GTE, supra at 151.
 {¶ 21} Here, Roberson avers that he had no attorney, that he was under great duress due to his father's illness, and that he filed the notice of dismissal by "mistake" because he was unaware that a second voluntary dismissal operated as an adjudication on the merits. The trial court, having presided over this case for nearly two years, was aware of the underlying issues, and thus, we cannot say that the trial court acted unreasonably in finding excusable neglect in this instant. As previously stated, Civ.R. 60(B) is a remedial rule to facilitate the premise that cases should be resolved on their merits where possible. Ibid.
 {¶ 22} Assignment of Error I is overruled.
 {¶ 23} "II. The Trial Court Abused Its Discretion When It Granted Plaintiff's Motion For Relief Of Judgment Without Conducting A Hearing To Verify The Allegations Set Forth In The Motion."
 {¶ 24} In his second assignment of error, J.B. Hunt argues that the trial court erred in failing to conduct a hearing on Roberson's motion for relief from judgment. We disagree.
 {¶ 25} A hearing under Civ.R. 60(B) is not required where the facts are undisputed and the only dispute is over the application of the law to the facts. WFMJ TV, Inc. v. AT T Federal Systems,
2002-Ohio-3013, citing Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9,14. Here, J.B. Hunt does not dispute the veracity of the facts alleged by Roberson. Accordingly, as a matter of law, a hearing was not required prior to determining that the three elements of GTE were satisfied and that relief from judgment was warranted. Id. Moreover, since the record reveals that J.B. Hunt failed to request a hearing, this argument is waived. Mochko v. Mochko (Mar. 3, 1994), Cuyahoga App. No. 64041; Duhiggv. Pace (Nov. 10, 1998), Cuyahoga App. No. 54580; Bailey v.Leece-Neville (Aug. 25, 1983), Cuyahoga App. No. 46265; Bush v.Automobile Assoc. of America (Oct. 9, 1987), Erie Cty. App. No. E-86-61;Green v. Findo (Sept. 6, 1990), Licking Cty. App. No. CA-3530.
 {¶ 26} Assignment of Error II is overruled.
KENNETH A. ROCCO, A.J., and SEAN C. GALLAGHER, J., CONCUR.
[1] The second motion to withdraw as counsel was accompanied by an affidavit from the attorney and a letter from Roberson stating that the attorney was being discharged "immediately."