[Cite as *Valpak of W. Cleveland v. Tommy's Pizza & Chicken*, 2013-Ohio-3815.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99731**

---

# VALPAK OF WEST CLEVELAND, ETC.

PLAINTIFF-APPELLEE

vs.

# TOMMY'S PIZZA & CHICKEN, ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Euclid Municipal Court
Case No. 11 CVI 03428

**BEFORE:** Keough, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 5, 2013

**ATTORNEY FOR APPELLANTS**

Stanley E. Stein
75 Public Square, Suite 714
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Patrick J. Gallagher
Allan & Gallagher, L.L.P.
614 W. Superior Avenue, Suite 1300
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendants-appellants, Bryan and Nicole Whittenberger, appeal on the accelerated docket from the judgment of the Euclid Municipal Court denying their Civ.R. 60(B) motion for relief from judgment.[1] For the reasons that follow, we reverse the judgment of the trial court and remand for further proceedings.

## I. Background

{¶2} On December 2, 2011, plaintiff-appellee, Valpak of West Cleveland ("Valpak"), filed a complaint in the Euclid Municipal Court against Tommy's Pizza & Chicken-Seven Hills ("Tommy's Pizza") and the Whittenbergers for "non-payment of account and breach of contract" in the amount of $2,921.42. Attached to Valpak's complaint was a statement from Valpak to Tommy's Pizza showing a balance due of $2,921.42. Also attached to the complaint was a contract between Valpak and Tommy's Pizza dated September 14, 2009, wherein Valpak agreed to prepare and distribute advertising mailers regarding Tommy's Pizza to several neighborhoods. The contract was executed by Rick Tompot on behalf of Tommy's Pizza and provided that "[t]he person signing this agreement guaranties [sic] payment on behalf of the corporation and agrees he/she is signing in an individual capacity as well as on behalf of the corporation." Also attached to the complaint were email correspondence between Tompot and a Valpak representative regarding the content of the mailer and proofs of the advertising

---

[1]An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. *Highland Hills v. Feldman*, 8th Dist. Cuyahoga No. 81095, 2002-Ohio-4185, ¶ 1, n.1.

mailer.

{¶3} The Whittenbergers were served by certified mail on December 21, 2011, but did not appear for the evidentiary hearing before the magistrate on February 16, 2012. The magistrate subsequently issued a decision granting judgment for Valpak against Tommy's Pizza and the Whittenbergers, jointly and severally, in the amount of $2,921.42, plus costs and interest. The magistrate based his finding of liability on the contract between Valpak and Tommy's Pizza: "[p]ursuant to a written contract dated September, 2009, between the parties, Plaintiff provided mailings and advertising services for Defendants. Defendants breached the contract and owe $2,921.42 on account to the Plaintiff." On March 12, 2012, the trial court issued a judgment entry affirming the magistrate's decision.

{¶4} Eleven months later, on February 5, 2013, the Whittenbergers filed a Civ.R. 60(B) motion seeking to vacate the judgment against them because there was no evidence that they had signed the contract between Valpak and Tommy's Pizza or personally guaranteed the obligation of the corporation. The trial court subsequently denied the motion, stating:

> The defendants Bryan and Nicole Whittenberger are requesting this Court
>
> to vacate the judgment based upon lack of documentation that Defendants
>
> personally guaranteed the obligation of a corporation. Plaintiff filed suit
>
> against the Whittenbergers individually, and did not allege that Defendants
>
> guaranteed an obligation of a corporation. Defendants should have raised

any defense available to them at [the] time of the small claims hearing. A Rule 60(B) motion is not a substitute for an appeal. This Court finds that the Defendant [sic] has failed to meet the criteria set forth in *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). Based upon the foregoing, Defendant's [sic] Motion to Vacate Judgment is hereby denied.

{¶5} The Whittenbergers now appeal from the trial court's judgment denying their motion.

## II. Analysis

{¶6} Under Civ.R. 60(B), a trial court may relieve a party from a judgment or order of the court when certain requirements are met:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3), not more than one year after the judgment, order or proceedings was entered or taken.

{¶7} To prevail on a motion under Civ.R. 60(B), the movant must demonstrate

that: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc.*, paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648 (1983).

{¶8} A trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment, and an appellate court will not reverse that determination absent an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 11, 371 N.E.2d 214 (1978). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9} Our review demonstrates that the Whittenbergers' motion met the *GTE* requirements and should have been granted. Their motion alleged sufficient operative facts that would support a defense to the judgment and demonstrated that they were entitled to relief pursuant to Civ.R. 60(B)(5). Specifically, the Whittenbergers correctly asserted that there is no evidence to demonstrate that they are personally liable for the obligations of Tommy's Pizza. As stated in its complaint, and conceded by Valpak in its brief in opposition to the Whittenbergers' motion to vacate the judgment, Valpak's action is one for "breach of contract and non-payment of account." There can be no breach of contract claim against either Bryan or Nicole Whittenberger, however, because neither

individual signed the contract between Tommy's Pizza and Valpak, either on behalf of the corporation or in their individual capacity. Rather, Rick Tompot signed the contract on behalf of Tommy's Pizza and, in doing so, individually guaranteed the obligation created by the contract.[2]

**{¶10}** Likewise, neither Bryan nor Nicole are personally liable on Valpak's claim against Tommy's Pizza for non-payment of its account. Generally, shareholders, officers, and directors are not individually liable for actions taken in the name of the corporation. To "pierce the corporate veil" and hold an individual personally liable for a corporation's debt, a plaintiff must prove that: (1) the individual's control over the corporation is so complete that the corporation has no separate mind, will, or existence of its own; (2) the individual's control over the corporation is exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos.*, 67 Ohio St.3d 274, 289, 1993-Ohio-119, 617 N.E.2d 1075, paragraph three of the syllabus.

**{¶11}** Here, the trial court made no findings of fact that would support piercing the corporate veil to hold the Whittenbergers personally liable. Indeed, as discussed above, the magistrate's finding of liability against the Whittenbergers was based solely on

---

[2]In its brief in opposition to the Whittenbergers' motion to vacate the judgment, Valpak curiously argued that "defendant Nicole Whittenberger executed the contract personally." Our review, however, demonstrates that although Nicole's email address was included on the contract, her signature does not appear anywhere on the contract.

a contract they did not sign. Accordingly, there was no evidence that would support holding the Whittenbergers personally liable for the debt of Tommy's Pizza to Valpak.

{¶12} Without any evidence that the Whittenbergers signed the contract or are individually liable for the unpaid debt of Tommy's Pizza, the trial court abused its discretion in denying their motion for relief from judgment.

{¶13} Valpak argues that the motion should have been denied, however, because the Whittenbergers failed to establish that their motion was timely. We disagree. The motion was filed within one year of the erroneously-granted judgment. Under these circumstances, we find the delay in filing the motion to be reasonable.

{¶14} The Whittenbergers' assignment of error is sustained. Although the Whittenbergers contend that we should dismiss the claims against them with prejudice, our ruling is limited to deciding the propriety of the lower court's ruling on their Civ.R. 60(B) motion. No motion to dismiss was filed in the trial court and hence, is not the subject of this appeal. The judgment of the trial court is reversed and the matter is remanded for further proceedings.

{¶15} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is, therefore, considered that said appellants recover of said appellee its costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR