O’Neill, J.,
dissenting.
{¶ 31} I respectfully dissent from the majority opinion in this case. Any fair reading of the court of appeals’ decision will reveal that it is a classic elevation of form over substance. Civ.R. 60(B) is a remedial rule, and it was an abuse of discretion for the lower court to deny Jackson leave to file an amended complaint so that she can have a full and fair hearing on the merits of her case.
{¶ 32} The proper application of Civ.R. 60 is all the more significant in this unique matter in light of Jackson’s allegation that a substantive order of the governor of Ohio is being ignored. This simply cannot happen in a judicial system founded on the rule of law.
{¶ 33} Jackson alleges that at her parole hearing, the Ohio Parole Board failed to follow conditions in a warrant of commutation issued by the governor. Attempts to address this failure resulted in mistakes on the part of Jackson’s attorney. The issue is whether these mistakes are the sort that can be remedied by Civ.R. 60(B). The majority opinion restates this court’s definition of excusable neglect, once again defining that term in the negative: “a defendant’s inaction is not excusable neglect if it can be deemed a ‘ “complete disregard for the judicial system.” ’ ” Majority opinion at ¶ 23, quoting Kay v. Marc Glassman, Inc., 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting GTE Automatic Elec., Inc. v. ARC Industries, Inc., 47 Ohio St.2d 146, 153, 351 N.E.2d 113 (1976).
*29 Timothy Young, Ohio Public Defender, and Stephen A. Goldmeier, Assistant Public Defender, for appellant.
Michael DeWine, Attorney General, and Peter L. Jamison, Assistant Attorney General, for appellees.
{¶ 34} In Colley v. Bazell, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980), this court stated that
the concept of “excusable neglect” must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to “strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.” 11 Wright & Miller, Federal Practice & Procedure 140, Section 2851, quoted in Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 12 [371 N.E.2d 214].
{¶35} The majority does not appear to believe that the-ill-fated dismissal strategy was a cynical move designed to deceive. Indeed, there is no reason to believe that it was anything but an honest mistake by an attorney attempting to get his client’s plight before the proper tribunal. It is precisely the sort of case that Civ.R. 60(B) is designed to address. The majority is simply mistaken when it states that these facts demonstrate a complete disregard for the judicial system or a substandard performance. Total disregard for the judicial system connotes far worse behavior, such as a litigant who obstinately refuses to attend a deposition or a lawyer who repeatedly misses court dates. If Jackson’s allegations are true, an order from the governor of this state is being ignored. By labeling her attorney’s honest mistake “inexcusable,” the majority denies her a chance to prove her case and perhaps even gain her freedom. Some might argue that the real “disregard for the judicial system” is to be found not in the attorney’s unfortunate mistake but in today’s hypertechnical result.
{¶ 36} I make no judgment here as to whether the petition should have been granted on its merits. But to hold, as the majority does, that procedure is more important than substance is simply wrong. I therefore respectfully dissent.
Pfeifer and Lanzinger, JJ., concur in the foregoing opinion.