[Cite as *Sunrise Cooperative, Inc. v. Durbin*, 2021-Ohio-4416.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SUNRISE COOPERATIVE, INC. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 21 CA 000015 |
| BRENNAN DURBIN | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:         Civil Appeal from the Court of Common
                                 Pleas, Case No.  20BR07-0180


JUDGMENT:                        Reversed and Remanded


DATE OF JUDGMENT ENTRY:          December 14, 2021


APPEARANCES:

For Plaintiff-Appellant                  For Defendant-Appellee

DAVID J. WIGHAM                          JACK L. MOSER
EMILY K. ANGLEWICZ                       JACK MOSER LAW MTV, CO. LPA
JEREMY D. MARTIN                         120 East High Street
ROETZEL & ANDRESS, LPA                   Suite 100
222 South Main Street, Suite 400         Mt. Vernon, Ohio  43050
Akron, Ohio  44308

*Wise, J.*

{¶1} Appellant Sunrise Cooperative, Inc. ("Appellant") appeals a judgment of the Court of Common Pleas of Knox County, Ohio, which granted a Motion to Vacate in favor of Appellee, Brennan Durbin ("Appellee"). The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} On July 13, 2020, Appellant filed a complaint against Appellee for breach of contract and other claims in the Knox County Court of Common Pleas. Appellant attempted service on Appellee at 17745 Nashville Road, Danville, Ohio on that date via certified mail.

{¶3} On August 17, 2020, Appellant's service by certified mail was determined to be unsuccessful.

{¶4} On August 20, 2020, Appellant requested that the summons be issued by regular mail.

{¶5} On October 2, 2020, Appellant filed its Motion for Default Judgment.

{¶6} The trial court granted the Motion on November 12, 2020.

{¶7} On January 7, 2021, the clerk notified Appellant's Attorney there was no service of summons.

{¶8} On January 15, 2021, Appellant filed a Complaint in Foreclosure in Knox County Court of Common Pleas.

{¶9} On February 10, 2021, the Knox County Sheriff served the Complaint in Foreclosure on Appellee.

{¶10} On April 13, 2021, Appellee filed a Motion under Civ.R. 60(B) to vacate the Default Judgment issued November 12, 2020, a Motion for Leave to Plead Out of Rule, and a Proposed Answer and Counterclaim. In his Motion, Appellee asserted he had not been properly served with the Complaint, he did not have actual or constructive notice of the action, and that not until the service of the Complaint in Foreclosure did Appellee know that Appellant had filed a Complaint against him.

{¶11} On April 16, 2021, the trial court granted Appellee's Motion for Relief from Judgment.

### ASSIGNMENT OF ERROR

{¶12} Appellant timely filed a notice of appeal and herein raises the following Assignment of Error:

{¶13} "I. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION TO VACATE THE DEFAULT JUDGMENT ENTERED AGAINST HIM."

### I.

{¶14} In Appellant's sole Assignment of Error, Appellant argues the trial court erred by granting Appellee's Motion for Relief from Judgment without allowing Appellant an opportunity to respond, and that Appellee failed to rebut the presumption of proper service.

### a. Standard of Review

{¶15} The decision of whether or not to vacate a judgment rests within the trial court's discretion and will not be reversed absent an abuse of discretion. *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 12, 371 N.E.2d 214 (1978). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or

unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

### b. Appellant's Opportunity to Respond to Appellee's Motion for Relief Judgment

**{¶16}** Knox County Local Rule 5.01 provides:

All motions shall be accompanied with a memorandum in support stating the grounds and citing applicable authorities, with an Order granting the relief requested. The party shall serve any responsive pleading on or before the fourteenth day after the date of service. The moving party shall serve any reply on or before the seventh day after the date of service. On the twenty-eighth day after the motion is filed, the motion shall be deemed submitted to the Court.

**{¶17}** Clearly this rule contemplates a response in opposition to a motion if so desired by the opposing party. In addition, Civ.R. 6(C)(1), in pertinent part, states: "Responses to a written motion, other than motions for summary judgment, may be served within fourteen days after service of the motion."

**{¶18}** In *Matter of K.H.*, 5th Dist. Muskingum No. CT2017-0059, 2018-Ohio-1137, the appellee filed a motion to dismiss on August 17, 2017. The trial court granted the motion four days later. *Id*. The Rules of Civil Procedure and Rules of Juvenile Procedure both contemplate the opportunity for opposition response. *Id*. This Court held that granting the motion four days after the motion was filed did not afford the appellant an opportunity to respond. *Id*. The trial court acted prematurely. *Id*.

**{¶19}** In the case *sub judice*, Appellee filed his Motion for Relief from Judgment on April 13, 2021. On April 16, 2021, three days later, the trial court granted the Motion before Appellant had an opportunity to respond.

**{¶20}** We find that in granting the Motion for Relief from Judgment three days after the motion was filed, Appellant was not afforded an opportunity to respond according to the Rules of Civil Procedure and Knox County Local Rules. The trial court ruled prematurely.

**{¶21}** Upon review, we find the trial court abused its discretion in granting the Motion for Relief from Judgment prematurely. We remand the matter to the trial court to afford Appellant the opportunity to file a response in opposition.

### c. Appellee failed to rebut the presumption of proper service.

**{¶22}** Due to our disposition of the first issue raised, we find this issue not yet ripe for our review until the trial court has afforded Appellant the opportunity to file a response in opposition to Appellee's Motion for Relief from Judgment.

**{¶23}** Appellant's sole Assignment of Error is sustained.

**{¶24}** For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is reversed, and the matter is remanded for further proceedings consistent with this opinion.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/br  1207