[Cite as *Tillimon v. Coutcher*, 2019-Ohio-1683.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Duane J. Tillimon

Appellant

v.

Loriann Coutcher, et al.

Appellees

Court of Appeals No. L-18-1158

Trial Court No. CVG-14-05044

**DECISION AND JUDGMENT**

Decided: May 3, 2019

* * * * *

Duane J. Tillimon, pro se.

* * * * *

**MAYLE, P.J.**

{¶ 1} Plaintiff-appellant, Duane Tillimon, appeals the June 13, 2018 judgment of the Toledo Municipal Court that vacated a 2015 judgment against defendants-appellees, Curtis Coutcher and Kristen Coutcher.[1]  For the following reasons, we reverse and remand this matter to the trial court for further proceedings.

---

[1] Tillimon also identified Curtis and Kristen's mother, Loriann Coutcher, as an appellee. None of the Coutchers filed briefs in this appeal.

## I. Background and Facts

{¶ 2} On August 1, 2010, Tillimon and Loriann entered into a "residential rental agreement" for a property in Toledo. The lease identified Tillimon as the landlord and Loriann as the tenant; they are the only people who signed the lease. Curtis and Kristen, who are Loriann's children, are listed in the agreement as "occupants." The rental agreement includes their birthdates, which show that Curtis was 17 years old and Kristen was 14 years old at the time that Loriann signed the lease.

{¶ 3} On April 16, 2014, Tillimon filed a complaint in the trial court seeking eviction and a money judgment for unpaid rent and damages to the property. He named Loriann, Curtis, and Kristen as defendants. On May 5, 2014, the trial court granted the eviction and awarded Tillimon possession of the property. The court also gave the Coutchers until May 28, 2014, to file answers to Tillimon's claim for rent and damages. None of them filed an answer, however.

{¶ 4} On June 18, 2014, Tillimon filed a motion for default judgment, which the trial court set for a damages hearing on August 6, 2014. The Coutchers appeared at the hearing and asked to have counsel appointed to represent them. Although the trial court explained that it could not appoint counsel, over Tillimon's objection, the court agreed to give them 14 days to file answers. They did not do so.

{¶ 5} Although the trial court denied Tillimon's June 18 motion for default judgment because he failed to appear for a hearing, it later vacated the denial, apparently

2.

because the clerk of courts sent the notice to Tillimon's former attorney (not Tillimon) and Tillimon never received notice of the hearing that he failed to attend.

{¶ 6} On September 25, 2015, Tillimon filed a "Motion of Plaintiff for Judgment." The clerk sent notifications of the motion to the Coutchers. Kristen's notice was returned by the post office with the notation "RETURN TO SENDER / VACANT/ UNABLE TO FORWARD."

{¶ 7} On October 21, 2015, the trial court granted Tillimon's September 25 motion and issued a judgment against the Coutchers, jointly and severally, in the amount of $12,819.72. The file contains a "Notification" (prepared and journalized by the clerk) stating that the October 21 entry was "a final and appealable order" and that "[t]he clerk is hereby directed to serve all parties notice of the judgment and it's [sic] date of entry on the journal." The notice sent to Kristen was returned by the post office with the notation "RETURN TO SENDER / VACANT/ UNABLE TO FORWARD." There is no evidence in the record that the clerk attempted to resend the notice of judgment to Kristen.

{¶ 8} On April 25, 2018, Tillimon filed a wage garnishment against Curtis, which the trial court approved on May 2, 2018. He also filed a nonwage garnishment against Kristen on May 1, 2018, which the court approved on May 7, 2018.

{¶ 9} In response, on May 16, 2018—more than two and one-half years after the October 21, 2015 judgment—Curtis and Kristen filed a motion to vacate the judgment and dismiss the garnishments. They argued that neither of them were listed as the

3.

leaseholders and both were minors and unable to consent to a binding contract at the time the lease was signed. Tillimon filed a memorandum in opposition on May 18, 2018, arguing that Curtis and Kristen were adults at the time that the complaint was filed, they did not explain their long delay in filing a motion to vacate, and they were not entitled to relief under Civ.R. 60(B).

{¶ 10} In a decision journalized on June 13, 2018, the trial court granted Curtis and Kristen's motion to vacate. The court found that Curtis and Kristen could not be held responsible under the lease for unpaid rent and damages because they were not "tenants" as defined in R.C. Chapters 1923 and 5321, they were minors when Loriann and Tillimon entered into the lease, and neither signed the lease. The trial court vacated the 2015 judgment as to Curtis and Kristen and reaffirmed it as to Loriann. Because the trial court vacated its prior judgment, it also dismissed the case as to Curtis and Kristen on June 8, 2018. In separate orders, on June 18, 2018, the court released the garnishments against Curtis and Kristen and ordered the clerk to release any funds collected.

{¶ 11} Tillimon now appeals, raising two assignments of error:

ASSIGNMENT OF ERROR #1[:] THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR, AN [sic] ABUSED ITS' [sic] DISCRETION, BY VACATING THE JUDGMENT AGAINST CURTIS COUTCHER AND KRISTAN [sic] COUTCHER AND RETROACTIVELY DISMISSING THE COMPLAINT AGAINST THEM[.]

4.

ASSIGNMENT OF ERROR #2[:]  THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR, AND ABUSED ITS' [sic] DISCRETION BY ORDERING THE CLERK OF COURTS TO RELEASE FUNDS COLLECTED IN GARNISHMENT TO CURTIS COUTCHER AND KRISTEN COUTCHER AND RELEASING THE GARNISHMENT ORDER BEFORE THE TIME DEADLINE TO APPEAL HAD EXPIRED[.]

## II.  Law and Analysis

### A.  The Civ.R. 60(B) Motion to Vacate Judgment

{¶ 12} In his first assignment of error, Tillimon argues that the trial court improperly vacated its 2015 judgment because Curtis and Kristen were not entitled to relief under Civ.R. 60(B).  We review a trial court judgment denying a motion for relief from judgment for an abuse of discretion.  *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).  Abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable.  *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996).

{¶ 13} Under Civ.R. 60(B), a party may be relieved from a final judgment because of:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

5.

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) any other reason justifying relief from the judgment.

The motion "shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B).

{¶ 14} To prevail on a motion for relief from judgment, the moving party must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶ 15} A party seeking relief under Civ.R. 60(B) is required to allege "operative facts" that support the claim, but "is not required to support its motion with evidentiary materials * * *." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d

6.

1102 (1996); *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983). If the court determines that the movant failed to allege operative facts that would warrant relief under Civ.R. 60(B), it may deny the motion without a hearing. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996). Conversely, in instances where a Civ.R. 60(B) motion alleges operative facts that could warrant relief from judgment, the trial court "should" hold a hearing "to verify those facts before it rules on the motion." *Id.* But, "[f]ailure to hold such a hearing before granting a Rule 60(B) motion does not automatically constitute an abuse of discretion." *Doddridge v. Fitzpatrick*, 53 Ohio St.2d 9, 14, 371 N.E.2d 214 (1978). A hearing is not required before granting a Civ.R. 60(B) motion where the facts are undisputed and there is "sufficient evidence of a valid [Civ.R. 60(B)] claim on the record * * *." *Id.* That is because "a court can apply law to facts without the need for a hearing; this is done as a matter of law." *WFMJ TV, Inc. v. AT&T Fed. Sys.*, 7th Dist. Mahoning No. 01 CA 69, 2002-Ohio-3013, ¶ 26.

{¶ 16} We first consider whether the trial court erred by granting the Civ.R. 60(B) motion without a hearing. Upon review, it appears that the Civ. R. 60(B) motion alleged operative facts that could establish a meritorious defense that Curtis and Kristen were not proper parties to the litigation. The trial court, therefore, "should" have held a hearing to verify those facts and entertain arguments relating to the proper application of the law to those facts. *See Seidner* at 151. Even so, the trial court's failure to hold a hearing before granting the motion was not an abuse of discretion *if* the relevant facts were undisputed,

7.

the court could apply the law to the facts on its own, and the record otherwise contained "sufficient evidence of a valid [Civ.R. 60(B)] claim * * *." *Doddridge* at 14; *WFMJ TV* at ¶ 26. Importantly, a valid Civ.R. 60(B) claim encompasses two elements in addition to the presentation of a meritorious defense or claim: the movant must establish a ground for relief under Civ.R. 60(B)(1)-(5) *and* the motion must be filed within a "reasonable time." *GTE Automatic Elec.* at paragraph two of the syllabus.

{¶ 17} Putting aside the issue of whether the court had enough information to analyze the movants' allegedly meritorious defense without the benefit of a hearing, we find that it was an abuse of discretion to grant the motion to vacate without a hearing because the record does not conclusively establish a valid Civ.R. 60(B) claim. Given that Curtis and Kristen filed their motion more than two and one-half years after final judgment, they were required to prove—in addition to establishing a meritorious defense—that (1) they were properly seeking relief under the Civ.R. 60(B)(5) "catch-all" provision and (2) they filed their motion within a "reasonable time."

{¶ 18} First, Curtis and Kristen needed to demonstrate that their motion properly fell within the scope of Civ.R. 60(B)(5) instead of Civ.R. 60(B)(1) through (3), which firmly require any motions to be filed within one year after judgment. It is well established that Civ.R. 60(B)(5) "is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. Rather, "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve

8.

a person from the unjust operation of a judgment * * *." *Id.* Where a party simply chooses to ignore a complaint and has "no other legitimate reason for failing to appear or answer[,] such a complaint has not stated an adequate ground for relief from default judgment pursuant to Civ.R. 60(B)(5)." *Huron Mgt. Co. v. Wingate*, 6th Dist. Lucas No. L-87-342, 1988 Ohio App. LEXIS 3378, *8 (Aug. 19, 1988).

{¶ 19} Second, Curtis and Kristen were also required to show that their motion was filed "within a reasonable time." Civ.R. 60(B). While doubt should be resolved in favor of deciding cases on their merits, a motion for relief from judgment nevertheless must be timely filed. *Ferrell v. Kakika Enters.*, 6th Dist. Erie No. E-18-037, 2019-Ohio-575, ¶ 17. Moreover, this is a very fact-specific inquiry. "In considering the timeliness of Rule 60(B) motions, each case must be decided on its own facts as a delay of twelve weeks has been held unreasonable while a delay of four years has been held reasonable." *Gillam v. Johnson*, 2d Dist. Montgomery No. 18379, 2000 Ohio App. LEXIS 4855, *14 (Oct. 20, 2000) (citing cases).

{¶ 20} We have carefully reviewed the record, and we simply cannot say—one way or the other—whether the motion properly falls within Civ.R. 60(B)(5) and whether Curtis and Kristen acted in a timely manner to protect their rights. Because the record is particularly undeveloped on those two issues, it does not contain sufficient evidence that Curtis and Kristen have a valid Civ.R. 60(B) claim. *Doddridge*, 53 Ohio St.2d at 14, 371 N.E.2d 214.

9.

**{¶ 21}** Accordingly, the trial court abused its discretion when it failed to hold a hearing before ruling on the Civ.R. 60(B) motion. We reverse and remand to the trial court for a hearing, at which time the court must hear evidence and argument relating to whether Curtis and Kristen can establish all three elements of a successful Civ.R. 60(B) claim. "If any of the three requirements is not met, the motion should be denied." *Kakika Enters.* at ¶ 17.

**{¶ 22}** We therefore find that Tillimon's first assignment of error is well-taken.

### B. The Trial Court's Orders to Release the Garnishments

**{¶ 23}** In his second assignment of error, Tillimon argues that the trial court abused its discretion on June 18, 2018, when it issued a series of orders that were "never journalized"[2] to release the garnishments against Curtis and Kristen, and to return the garnished funds to them, before the time to appeal the Civ.R. 60(B) judgment had expired.

**{¶ 24}** Tillimon did not, however, identify the June 18 orders in his notice of appeal. *See* App.R. 3(D); 6th Dist.Loc.App.R. 3(A). We therefore decline to consider this assignment of error because these orders were not properly appealed. *See, e.g., Hicks v. Hicks*, 6th Dist. Erie No. E-12-076, 2013-Ohio-3852.

**{¶ 25}** We find Tillimon's second assignment of error is not well-taken.

---

[2] The record shows that the orders were, in fact, both entered on the docket and journalized on June 18, 2018.

10.

## III.  Conclusion

{¶ 26} Based on the foregoing, the June 13, 2018 judgment of the Toledo Municipal Court is reversed and the matter is remanded to the trial court for proceedings consistent with this decision.  The parties are ordered to divide the costs of this appeal equally pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.