[Cite as *Tillimon v. Coutcher*, 2020-Ohio-3215.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Duane J. Tillimon

    Appellant

v.

Loriann Coutcher, et al.

    Appellees

Court of Appeals No. L-19-1156

Trial Court No. CVG-14-05044

**DECISION AND JUDGMENT**

Decided:  June 5, 2020

* * * * *

Duane J. Tillimon, pro se.

* * * * *

**MAYLE, J.**

{¶ 1} Plaintiff-appellant, Duane Tillimon, appeals two judgments of the Toledo

Municipal Court:  the July 23, 2019 judgment that vacated a 2015 judgment against

defendants-appellees, Curtis Coutcher and Kristen Coutcher,[1] and the July 26, 2019

---

[1] Tillimon also identified Curtis and Kristen's mother, Loriann Coutcher, as an appellee. None of the Coutchers filed briefs in this appeal.

judgment that released to Curtis garnished funds held by the clerk of court. For the following reasons, we reverse, in part, and affirm, in part.

## I. Background and Facts

{¶ 2} This case is before us after remand to the trial court for a hearing on Curtis and Kristen's motion for relief from judgment. *See Tillimon v. Coutcher*, 6th Dist. Lucas No. L-18-1158, 2019-Ohio-1683 ("*Tillimon I*").

{¶ 3} To briefly recap the facts of this case, on August 1, 2010, Tillimon and Loriann entered into a "residential rental agreement" for a property in Toledo. The lease identified Tillimon as the landlord and Loriann as the tenant; they are the only people who signed the lease. Curtis and Kristen, who are Loriann's children, are listed in the agreement as "occupants." The rental agreement includes their birthdates, which show that Curtis was 17 years old and Kristen was 14 years old at the time that Loriann signed the lease.

{¶ 4} In 2014, Tillimon filed a complaint in the trial court seeking eviction and a money judgment for unpaid rent and damages to the property. He named Loriann, Curtis, and Kristen as defendants. The trial court granted the eviction and awarded Tillimon possession of the property. The trial court also granted the Coutchers the first of several extensions to file answers to the complaint for money damages. None of them filed an answer, however.

{¶ 5} In October 2015, the trial court issued a judgment against the Coutchers, jointly and severally, in the amount of $12,819.72, plus interest. Two and one-half years

2.

later, in late April and early May 2018, respectively, Tillimon filed a wage garnishment against Curtis and a nonwage garnishment against Kristen. Approximately three weeks after the trial court issued the garnishment orders, Curtis and Kristen filed a motion to vacate the judgment and dismiss the garnishments because neither of them were listed as the leaseholders and both were minors and unable to consent to a binding contract at the time the lease was signed.

{¶ 6} In June 2018, the trial court granted Curtis and Kristen's motion to vacate. Tillimon appealed. We found that the trial court abused its discretion by granting Curtis and Kristen's motion to vacate judgment without holding a hearing and remanded the case to the trial court. *Tillimon I*, 6th Dist. Lucas No. L-18-1158, 2019-Ohio-1683, at ¶ 21.

{¶ 7} On July 11, 2019, the trial court held a hearing on Curtis and Kristen's motion. Tillimon and Kristen appeared at the hearing. Curtis did not, and, although Kristen said that Curtis was planning to attend, she did not know why he was not there.[2] According to Kristen, when her mother filed bankruptcy in 2015, she assured Curtis and Kristen that the case filed by Tillimon "was done. And it was going to be dismissed and everything, and we believed her." This led Curtis and Kristen to mistakenly believe that

---

[2] Several hours after the July 11 hearing concluded, Curtis filed a motion to "reschedule trial date" because he was working at the time of the hearing that morning and the notice of the hearing was sent to the wrong address. Tillimon filed a response arguing that Curtis's motion was untimely and that he knew about the hearing, despite the notice going to the wrong address. The trial court denied Curtis's motion in its July 23 judgment granting Curtis and Kristen's motion to vacate.

Loriann's bankruptcy would end Tillimon's case against all of them, not just Loriann. Kristen assumed that Curtis did not answer the complaint for the same reason. Kristen also said that she did not receive any paperwork related to this case until Tillimon filed a garnishment against her in 2018, which prompted her to file the motion to vacate the judgment.

{¶ 8} Additionally, at the hearing, the court confirmed with Tillimon that he filed a complaint stating that Loriann, Curtis, and Kristen "are Tenants of Plaintiff at the Premises pursuant to terms contained within a written Residential Rental Agreement * * *," even though Loriann is the only "Tenant" that is listed in the agreement, and Curtis and Kristen were listed in the lease as "Occupants." Tillimon said that he filed the complaint against Curtis and Kristen because he claimed that "they were tenants at the time [he] filed the eviction." He did not, however, have a written lease that named Curtis or Kristen as "Tenants," as stated in the complaint.

{¶ 9} On July 23, 2019, the trial court issued a decision once again vacating the October 2015 judgment against Curtis and Kristen. The court found that the evidence at the hearing established the three elements of a Civ.R. 60(B) claim.

{¶ 10} First, Kristen alleged a meritorious defense in that she and Curtis were minors at the time Loriann signed the rental agreement, and although they were adults at the time Tillimon filed the eviction action, the only rental agreement before the court showed that Curtis and Kristen were occupants—not tenants—of Tillimon's property.

4.

{¶ 11} Next, the court found that Curtis and Kristen properly sought relief under Civ.R. 60(B)(5), the catch-all provision in Civ.R. 60(B). The court determined that Curtis and Kristen did not ignore the complaint. Instead, they believed that the matter was dismissed when Loriann filed for bankruptcy, and filed their motion for relief from judgment when they learned of the default judgment against them.

{¶ 12} Finally, the court determined that, under the circumstances of the case, Curtis and Kristen's motion was filed within a reasonable time because their "previously unknown knowledge of the case continuing against them when they believed the matter to be dismissed due to their mother filing bankruptcy is understandable."

{¶ 13} Additionally, the trial court found that equity favored granting Curtis and Kristen's motion for relief from judgment because although "[t]he record reveals that at the time of signing the lease—the only one provided—Defendants, Kristen and Curtis, were considered under the age of majority and only occupants," the filed complaint nonetheless states that Curtis and Kristen are "tenants" under that lease agreement and therefore responsible for unpaid rent and damages. The court found that "Plaintiff's own acknowledgement of Defendants' ages and listing as occupants are not consistent with Plaintiff's original Complaint against Defendants. Thus, this court is inclined to find this matter equitable to intervene and release them from such obligations of the lease and original Complaint."

5.

{¶ 14} Consequently, the trial court vacated the judgments against Curtis and Kristen, finding that each "was not a proper party to the suit and equitable factors intervene." The court reaffirmed the October 2015 judgment against Loriann.

{¶ 15} On July 26, 2019, the trial court ordered that the clerk of court release to Curtis the funds the clerk was holding pursuant to an order garnishing Curtis's wages. The record does not indicate when (or if) the clerk sent the funds to Curtis. However, the trial court's decision on Tillimon's post-judgment "Motion to Order Defendant Curtis Coutcher to Return Funds" notes that the funds were sent to Curtis before the court granted Tillimon's post-judgment "Motion to Stay Release of Funds" on August 1, 2019. Additionally, Tillimon claims in his brief that the check issued to Curtis was cashed on August 2, 2019.

{¶ 16} Tillimon now appeals, raising four assignments of error:

ASSIGNMENT OF ERROR #1[:] THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR, AND ABUSED ITS DISCRETION, BY VACATING THE MONEY JUDGMENT AGAINST APPELLEES CURTIS COUTCHER AND KRISTEN COUTCHER AND REAFFIRMING THE MONEY JUDGMENT AGAINST LORIANN COUTCHER[.]

ASSIGNMENT OF ERROR #2[:] THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR, AND ABUSED ITS DISCRETION, IN CONCLUDING THAT APPELLEES CURTIS AND

6.

KRISTEN WERE NOT TENANTS AND THEREFROE [sic] NOT LIABLE FOR RENT AND DAMAGES INCURRED BY APPELLANT UNDER ANY SET OF CIRCUMSTANCES WITHOUT HOLDING ANY HEARINGS AS TO THEIR LIABILITY[.]

ASSIGNMENT OF ERROR #3[:] THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR, AND ABUSED ITS DISCRETION, WHEN IT RELEASED MONEY HELD BY THE TRIAL COURT TO APPELLEE CURTIS COUTCHER WHEN THE DEADLINE FOR APPELLANT TO FILE AN APPEAL HAD NOT YET EXPIRED[.]

ASSIGNMENT OF ERROR #4[:] THE TRIAL COURT COMMITTED REVERSABLE [sic] ERROR, AND ABUSED ITS DISCRETION, WHEN IT VIOLATED THE APPELLANTS [sic] RIGHTS OF DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS< [sic] AND VIOLATED APPELLANT'S CIVL [sic] RIGHTS, AND ACTED ULTRA-VIRES IN NOT HOLDING A CIV.R. 60(B) MOTION HEARING AS WAS MANDATED BY THE OHIO SIXTH DISTRICT COURT OF APPEALS AND BY RELEASING FUNDS HELD BY THE TOLEDO MUNICIPAL COURT ON BEHALF OF THE JUDGMENT CREDITOR APPELLANT[.]

## II. Law and Analysis

### A. The trial court abused its discretion by granting Civ.R. 60(B) relief.

{¶ 17} In his first assignment of error, Tillimon argues that the trial court abused its discretion by vacating the 2015 judgment against Curtis and Kristen because they did not provide sufficient justification for their failure to answer the complaint.

{¶ 18} We review a trial court judgment granting a motion for relief from judgment for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). Abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996).

{¶ 19} Under Civ.R. 60(B), a party may be relieved from a final judgment because of:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or

8.

it is no longer equitable that the judgment should have prospective

application; or

(5) any other reason justifying relief from the judgment.

{¶ 20} To prevail on a motion for relief from judgment, the moving party must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶ 21} Regarding the first *GTE* prong, we agree with the trial court's conclusion that Curtis and Kristen have a meritorious defense. They are not parties to the lease agreement between Loriann and Tillimon, they were children when Loriann and Tillimon executed the lease agreement, and they are expressly designated as mere "occupants"— not "tenants"—under the lease agreement. The notion that Curtin and Kristen somehow became parties to the lease agreement when they reached the age of majority is completely unfounded.

9.

{¶ 22} Regarding the second *GTE* prong, the trial court concluded that Curtis and Kristen are entitled to relief under Civ.R. 60(B)(5), which provides that a party may be relieved from a final judgment due to "any other reason justifying relief from the judgment." Unlike Civ.R. 60(B)(1) to (3)—which firmly require a motion under those provisions to be filed within a year after judgment—a motion under Civ.R. 60(B)(5) may be filed within a "reasonable time." Given that Curtis and Kristen filed their Civ.R. 60(B) motion approximately two and one-half years after final judgment, they must demonstrate that Civ.R. 60(B)(5) is applicable.

{¶ 23} Civ.R. 60(B)(5) is "intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment * * *," and the grounds for granting relief "should be substantial." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraphs one and two of the syllabus. Section (B)(5) is not to be used as a substitute for the more specific provisions in Civ.R. 60(B), but is reserved for cases where the operative facts are different from or in addition to sections (B)(1) to (4). *Ferrell v. Kakika Enters., Ltd.*, 6th Dist. Erie No. E-18-037, 2019-Ohio-575, ¶ 19, citing *Caruso-Ciresi* at paragraph one of the syllabus, and *Whitt v. Bennett*, 82 Ohio App.3d 792, 797, 613 N.E.2d 667 (2d Dist.1992). That is, "Civ.R. 60(B)(5) applies only when a more specific provision [of Civ.R. 60(B)] does not apply." *Strack*, 70 Ohio St.3d at 174, 637 N.E.2d 914.

10.

{¶ 24} Here, the trial court determined that Curtis and Kristen properly sought relief under Civ.R. 60(B)(5) because they "did not ignore the original complaint as they believed the matter to be dismissed once Defendant Loriann filed for bankruptcy."

{¶ 25} But, a party's erroneous belief that a case had been resolved amounts to "mistake, inadvertence, surprise or excusable neglect"—a claim that must be raised under Civ.R. 60(B)(1)—and therefore does not fall under the catchall provision of section (B)(5). *See Lawhorn v. Pirtle*, 6th Dist. Lucas No. L-97-1222, 1998 WL 196281, *3 (Apr. 17, 1998) (finding defendant's claim that he mistakenly believed that a civil suit against him ended when the corresponding traffic charges were dismissed amounted to a claim of mistake or excusable neglect under Civ.R. 60(B)(1) and was therefore inappropriate for relief under Civ.R. 60(B)(5)); *see also Ferrell* at ¶ 20 ("the catch-all provision of Civ.R. 60(B)(5) is not to be used as a mere substitute for relief under Civ.R. 60(B)(1).") Thus, Curtis and Kristen's mistaken belief that their mother's bankruptcy resolved Tillimon's claims against them is not a sufficient basis for relief under Civ.R. 60(B)(5).

{¶ 26} The trial court also found that two "equitable factors" weighed in favor of releasing Curtis and Kristen from judgment under Civ.R. 60(B)(5). First, the trial court found that it would be inequitable to hold Curtis and Kristen liable for damages in this case because they were minors when Loriann entered into the lease agreement and, regardless, they are not even listed as tenants under the lease agreement. This, however, is merely a restatement of their meritorious defense—which is an element that Curtis and

11.

Kristen must establish *in addition to* demonstrating that Civ.R. 60(B)(5) is applicable. *GTE*, 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus.

{¶ 27} Indeed, the Supreme Court of Ohio has expressly held that a trial court abuses its discretion when it "grants [a] motion based on Civ.R. 60(B)(5) because the movant had a meritorious defense." *Caruso-Ciresi*, 5 Ohio St.3d at 67, 448 N.E.2d 1365. *See also Scotlad Foods, Inc. v. Bryant*, 2d Dist. Clark No. 95-CA-2, 1995 WL 628045, *4 (Oct. 25, 1995) (trial court properly denied Civ.R. 60(B)(5) relief to a defendant who established that the plaintiff had "incorrectly named him as a party to the suit" because that is a meritorious defense and not a basis for relief under Civ.R. 60(B)(5)); *Rocha v. Salsbury*, 6th Dist. Fulton No. F-05-014, 2006-Ohio-2615, ¶ 16 (the fact that the plaintiff brought suit against the wrong party is a meritorious defense, not a reason justifying relief from judgment under Civ.R. 60(B)(1) to (5)). Accordingly, the fact that Curtis and Kristen were minors when Loriann signed the lease agreement (which, in addition, designates them as mere "occupants" and not "tenants") establishes their meritorious defense—which is not a basis for relief under Civ.R. 60(B)(5).

{¶ 28} Lastly, the trial court found that it would be inequitable to hold Curtis and Kristen liable in this case because Tillimon had misrepresented a key fact in multiple court documents. That is, Tillimon stated in the complaint and various affidavits that Curtis and Kristen are "tenants" pursuant to the written lease agreement when, in fact, the agreement clearly states that they are merely "occupants." The trial court expanded on this point at the hearing on the Civ.R. 60(B) motion:

12.

I'm just reading what you swore to in the court. You swore they were listed, on the written agreement, as a tenant. And that's not true. And then you have been filing affidavits, for the last five years, reaffirming that same misstatement. Is that—that's what I'm pointing out. The basis of your complaint, and I read it again, pursuant to the terms contained in the written residential lease agreement. That's not true. They are not listed as tenants in that written agreement. And you have been swearing out affidavits, as well as this original complaint, based upon false information.

Tillimon maintained that he properly sued Curtis and Kristen because, in his view, they were tenants when the complaint was filed.

{¶ 29} The trial court was understandably troubled by Tillimon's misrepresentations in the complaint and various affidavits, which stated that Curtis and Kristen were "tenants" under the written lease agreement when, in fact, they were not. But, such conduct may be a basis to vacate a judgment under Civ.R. 60(B)(3)—which provides that a judgment may be vacated due to "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party"—and is therefore an insufficient basis to vacate a judgment under the catch-all provision of Civ.R. 60(B)(5). *See, e.g.*, *McGowan v. Stoyer*, 10th Dist. Franklin No. 02AP-263, 2002-Ohio-5410, ¶ 18 ("If the alleged fraud [or misrepresentation] occurred between the parties, Civ.R. 60(B)(3) is the only ground upon which the aggrieved party can seek relief from a prior judgment."); *Hoyt v. Hoyt*, 9th Dist. Summit No. 20411, 2001 WL 929380

(Aug. 15, 2001) (trial court properly considered wife's Civ.R. 60(B)(5) motion under (B)(3) because husband's failure to disclose marital assets during divorce proceedings was fraud or misrepresentation by an adverse party); *Still v. Still*, 4th Dist. Gallia No. 95CA15, 1996 WL 362259 (June 25, 1996) (husband was required to raise wife's false testimony regarding the paternity of her child under Civ.R. 60(B)(3), not (B)(5)).

{¶ 30} Moreover, we must distinguish this case from situations involving "fraud upon the court," which has been recognized as a basis for granting relief from judgment under Civ.R. 60(B)(5). *Coulson v. Coulson*, 5 Ohio St.3d 12, 448 N.E.2d 809 (1983), paragraph one of the syllabus ("Pursuant to Civ.R. 60(B)(5), a court in appropriate circumstances may vacate a judgment vitiated by a fraud upon the court."). "Fraud upon the court," however, "has been narrowly construed to include only that type of conduct which defiles the court itself, or fraud which is perpetrated by officers of the court so as to prevent the judicial system from functioning in the customary manner of deciding the cases presented in an impartial manner." *Derico v. Schimoler*, 8th Dist. Cuyahoga No. 94935, 2011-Ohio-615, ¶ 12, citing *Hartford v. Hartford*, 53 Ohio App.2d 79, 83-84, 371 N.E.2d 591 (8th Dist.1977). "Conduct that amounts to merely withholding information and alleging facts known to be untrue does not constitute a fraud upon the court." *Id.*, citing *CIT Fin. Servs., Inc. v. Lazzano*, 8th Dist. Cuyahoga No. 47401, 1984 WL 5461 (Apr. 12, 1984). The fact that neither Curtis nor Kristen were actually parties to the lease agreement is apparent from the face of the written lease agreement—which is attached as an exhibit to the complaint—and could have been raised by Curtis and Kristen as a

14.

defense in this case. Tillimon's statements to the contrary therefore do not rise to the level of conduct that "defiles the court itself" under Civ.R. 60(B)(5).

{¶ 31} In sum, Curtis and Kristen's mistaken belief that this case was dismissed when Loriann filed for bankruptcy amounts to "mistake" or "excusable neglect," which is a basis for relief under Civ.R. 60(B)(1), and Tillimon's misstatement in the complaint is a "misrepresentation * * * of an adverse party," which is a basis for relief under Civ.R. 60(B)(3). Given that more specific provisions of Civ.R. 60(B) govern their motion, Curtis and Kristen are not entitled to relief under Civ.R. 60(B)(5). *Strack*, 70 Ohio St.3d at 174, 637 N.E.2d 914. In addition, even though Curtis and Kristen have a meritorious defense because they were minors when Loriann entered the lease agreement and they are merely "occupants" under that agreement, a trial court abuses its discretion when it "grants [a] motion based on Civ.R. 60(B)(5) because the movant had a meritorious defense." *Caruso-Ciresi*, 5 Ohio St.3d at 67, 448 N.E.2d 1365. For these reasons, we must conclude that the trial court abused its discretion by granting Curtis and Kristen relief from final judgment under Civ.R. 60(B)(5). As the Supreme Court of Ohio recognized,

> [a] claim under Civ.R. 60(B) requires the court to carefully consider the
> two conflicting principles of finality and perfection. * * * "[F]inality
> requires that there be some end to every lawsuit, thus producing certainty in
> the law and public confidence in the system's ability to resolve disputes.
> Perfection requires that every case be litigated until a perfect result is

achieved. For obvious reasons, courts have typically placed finality above perfection in the hierarchy of values."

*Strack* at 175, quoting *Knapp v. Knapp*, 24 Ohio St.3d 141, 144-145, 493 N.E.2d 1353 (1986). In this case, although the trial court tipped the balance toward perfection, we must follow binding precedent and tip the balance toward finality instead.

{¶ 32} For these reasons, Tillimon's first assignment of error is well-taken.

### B. Tillimon's second assignment of error is moot.

{¶ 33} In his second assignment of error, Tillimon argues that the trial court erred by finding that Curtis and Kristen were not liable under the rental agreement. Because we are reversing the trial court's decision to vacate the judgment against Curtis and Kristen, this assignment of error is moot and is not well-taken.

### C. The trial court's release of the garnished funds was not an abuse of discretion.

{¶ 34} In his third assignment of error, Tillimon argues that the trial court abused its discretion by releasing funds that the clerk of court had collected pursuant to a garnishment of Curtis's wages before the time for Tillimon to file an appeal had passed. We disagree.

{¶ 35} When funds are paid into the court under a garnishment order, the judgment creditor obtains a lien on those funds. *State ex rel. Auto Loan Co., Inc. v. Jennings*, 14 Ohio St.2d 152, 159, 237 N.E.2d 305 (1968). However, the "mere garnishment of property does not vest 'title' in a judgment creditor * * *." *Id.* In other words, although the judgment creditor has an interest in any funds garnished from the

judgment debtor and paid into the court, the judgment creditor does not own the funds held by the court until they are released to him.

{¶ 36} In this case, when the underlying judgment against Curtis ceased to exist, so did Tillimon's lien on the funds held by the clerk of court because Tillimon no longer had a basis for garnishing Curtis's earnings. Once Tillimon's interest in the garnished funds was extinguished, the trial court ordered that the clerk return the funds to Curtis. Although Tillimon sought—and was granted—a stay of the release of the funds held by the clerk, the clerk released the funds to Curtis before Tillimon filed his motion for a stay. Because the trial court released the funds to Curtis during the period of time when Tillimon did not have any interest in the funds and had not yet asked the court to stay the release of the funds, the court did not abuse its discretion by returning the funds to Curtis.

{¶ 37} Our conclusion is supported by a similar case decided by the Eighth District Court of Appeals. In *Univ. Carnegie Med. Partners Assocs. v. Cleveland Therapy Ctr.*, 8th Dist. Cuyahoga Nos. 61016 and 61463, 1992 WL 292270 (Oct. 15, 1992), a lessor obtained a judgment against its lessees and garnished the lessees' bank account. The lessees filed a motion to stay, which the trial court granted. *Id.* at *1. Shortly after, the lessor sought to vacate the stay based on its assertion that the lessees served the motion to stay on the lessor six days later than noted in the certificate of service. *Id.* The trial court subsequently vacated the stay, and, before the lessees could seek a stay in the appellate court, the clerk of courts released the funds it held to the lessor. *Id.* The lessees were unaware of the disbursement, so they sought a stay in the

17.

appellate court, which the appellate court granted. *Id.* at *2. When the lessees discovered that the clerk had disbursed the funds, they filed a motion for return of the funds, which the trial court granted (after the lessees filed a notice of appeal). *Id.*

{¶ 38} On appeal, the Eighth District, after noting that the party that obtains a garnishment order has a lien on any funds held by the clerk, found that the lessees were not wrongfully deprived of the garnished funds that were released to the lessor because "[f]irst, the garnished funds were in the possession of the clerk. Second, there was no stay in existence. The lessor [as the party that prevailed in the trial court] was thus clearly entitled to the funds and the lessees were, therefore, not wrongfully deprived of them." *Id.* at *8.

{¶ 39} Although the case before us presents the converse situation (i.e., the prevailing party is not the party that had a lien on the garnished funds), we believe that the same principle applies. At the time the clerk released the funds to Curtis, Tillimon did not have an interest in them *or* have a court order staying their release. Because Tillimon has not shown that the trial court's release of the funds was unreasonable, arbitrary, or unconscionable, we find that the court did not abuse its discretion by releasing the funds. Accordingly, Tillimon's third assignment of error is not well-taken.

### D. The trial court did not act in contravention of our mandate in *Tillimon I* or act without authority.

{¶ 40} In his final assignment of error, Tillimon seems to argue that the trial court acted in contravention of our mandate in *Tillimon I* by vacating the judgment against

Curtis and Kristen after holding its hearing on July 11, 2019, despite this court reversing the trial court's initial decision to vacate the judgment in *Tillimon I*. He also claims that the trial court acted "ultra vires" because it was without authority to release the garnished funds to Curtis.

{¶ 41} In *Tillimon I*, we reversed the trial court's decision vacating the judgment against Curtis and Kristen and remanded the case for a hearing on whether Curtis and Kristen could meet the requirements for relief from judgment under Civ.R. 60(B). *Tillimon I*, 6th Dist. Lucas No. L-18-1158, 2019-Ohio-1683, at ¶ 21, 26. Specifically, we stated that "[w]e reverse and remand to the trial court for a hearing, at which time the court must hear evidence and argument relating to whether Curtis and Kristen can establish all three elements of a successful Civ.R. 60(B) claim." *Id.* at ¶ 21. On remand, the trial court must follow the mandate of the appellate court. *Evanich v. Bridge*, 170 Ohio App.3d 653, 2007-Ohio-1349, 868 N.E.2d 747, ¶ 18 (9th Dist.). That is precisely what the trial court in this case did; we ordered the trial court to hold a hearing on Curtis and Kristen's motion to vacate, and the trial court did so on July 11, 2019. Our mandate did not direct the trial court to rule in Tillimon's favor (as he seems to imply). Because the trial court held a hearing as we directed, Tillimon's argument that the trial court acted in contravention of our mandate is without merit.

{¶ 42} Finally, Tillimon argues, again, that the trial court acted without authority when it released the garnished funds to Curtis. We have already determined that the trial court did not err by releasing the funds, so this argument is also without merit.

19.

**{¶ 43}** Tillimon's fourth assignment of error is not well-taken.

### III. Conclusion

**{¶ 44}** Because Curtis and Kristen did not demonstrate that they are entitled to relief from judgment under Civ.R. 60(B)(5), the July 23, 2019 judgment of the Toledo Municipal Court granting Curtis and Kristen's motion to vacate is reversed. And because the trial court returned the garnished funds to Curtis at a time when Tillimon did not have an interest in the funds or an order staying the release of the funds, the July 26, 2019 judgment of the Toledo Municipal Court is affirmed. The parties are ordered to divide the costs of this appeal equally pursuant to App.R. 24.

Judgment reversed, in part,
and affirmed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

_____
Christine E. Mayle, J. _____     JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

20.